```
                    UNITED STATES DISTRICT COURT
                            FOR THE
                      DISTRICT OF VERMONT


RAY SHATNEY; JANET STEWARD;              :
GREENFIELD HIGHLAND BEEF, LLC;           :
SHAT ACRES HIGHLAND CATTLE, LLC;         :
SHATNEY TREE SERVICE, LLC;               :
individually and jointly as owners       :
of the above businesses,                 :
and as separate business entities,       :
                                         :
              Plaintiffs,                :
                                         :
          v.                             :  File No. 1:12-cv-00023-jgm
                                         :
JOSEPH LaPORTE, KEVIN BLANCHARD,         :
TANNER ATWOOD, WILLIAM FIELD,            :
JAMES DZIOBEK, MIKE GLODGETT,            :
MICHAEL GERO, Officers with the          :
Hardwick Police Department,              :
                                         :
ANNE STEVENS, PETER GEBBIE,              :
JEFFERSON TOLMAN, PEGGY LIPSCOMB,        :
MARSHA GADOURY, Members of the           :
Greensboro Selectboard,                  :
                                         :
CAROL PLANTE, Executive Director         :
of Hardwick-Greensboro Restorative       :
Justice,                                 :
              Defendants.                :
_____:
```

MEMORANDUM AND ORDER
ON DEFENDANTS' MOTIONS TO DISMISS
(Docs. 20, 22, 24)

Defendant Hardwick Police Officers Tanner Atwood, William Field, James Dziobek, Mike Glodgett, Michael Gero, together with Executive Director of Hardwick-Greensboro Restorative Justice Carol Plante, move under Federal Rule of Civil Procedure 12(b)(6) to

dismiss various counts in Plaintiffs' Amended Complaint.  (Doc. 20, "Police Officers' Motion.")  The Greensboro Selectboard ("GSB") defendants separately move for dismissal under the same rule.  (Doc. 24).  Defendant Hardwick Police Officer Kevin Blanchard moves separately to join in his co-defendants' motion to dismiss, and alternatively, for a more definite statement under Federal Rule of Civil Procedure 12(e).  (Doc. 22.)  Police Chief Joseph LaPorte has answered the Amended Complaint and has not filed a motion to dismiss.  For the reasons that follow, the Motions to Dismiss are granted.

I.  DISCUSSION

   The Amended Complaint (Doc. 5)[1] details allegations by Ray Shatney, his wife Janet Steward, and Greenfield Highland Beef, LLC, Shat Acres Highland Cattle, LLC, and Shatney Tree Service, LLC, three companies they jointly own, against the named Hardwick police officers, Carol Plante, and members of the Greensboro Selectboard.  The Amended Complaint asserts ten counts, including negligence, violation of Vermont's Open Meeting laws, "malfeasance," malicious prosecution, defamation, fraud, interference with business relations, intentional infliction of emotional distress, conspiracy, and finally, a claim alleging violation of Plaintiffs'

---

[1] The Selectboard defendants removed the case from Vermont Superior Court on the basis of federal question jurisdiction.

rights to equal protection under both the U.S. Constitution and the Constitution of the State of Vermont.[2]  (Doc. 5.)

The facts underlying these claims are detailed in the 45-page Amended Complaint, and essentially describe long-standing grievances between the Plaintiffs and various members of the Shatney family, stemming from financial and family issues surrounding the family's cattle business.  The Amended Complaint alleges that the Hardwick Police Department, which contracts with Greensboro to provide patrol services, and the Greensboro Selectboard failed to respond appropriately to Plaintiffs' reports of numerous incidents of harassment and vandalism.

Some of these incidents included reports Plaintiffs' family members had allegedly stolen and forged checks; that a calf had been shot and killed; theft of guns and other items from Plaintiffs' home; reports that hundreds of nails, broken glass, and tires had been thrown, in separate incidents, into the Plaintiffs' barnyard and pasture; reports of mail theft; reports that family members blew car horns while passing Plaintiffs' property to disturb the cattle; vandalism of Plaintiffs' cabin; the mishandling of assault allegations against Ray Shatney, for which the charges were eventually dropped; and various other incidents.  See generally,

---

[2] The federal constitutional claim against the state officials is construed as being brought pursuant to 42 U.S.C. § 1983.

Amended Compl. (Doc. 5).  The essence of Plaintiffs' Amended Complaint is that the Defendants failed to investigate their reports and protect them.

### A. Standard on a Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted).  The allegations must "raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007).

The Court must draw all reasonable inferences in plaintiff's favor on a motion to dismiss.  Bolt Elec., Inc. v. City of New York, 53 F.3d 465, 469 (2d Cir. 1995).  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]'-- 'that the pleader is entitled to relief.'"  Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### B. Police Officers' Motion

#### 1. Count III Alleging Malfeasance Is Dismissed

The Police Officers' Motion to Dismiss (Doc. 20) asserts Vermont law does not recognize an independent tort of "malfeasance." Plaintiffs, in their brief, concede "the courts in the State of

4

Vermont have neither defined nor directly addressed the tort of malfeasance." Pls.' Resp. in Opp. to Mot. to Dismiss at 4 (Doc. 29). This Court declines to recognize or create a novel tort under state law, and therefore Count III of the Amended Complaint is dismissed.

    2.    All Claims Against Officer Dziobek Are Dismissed

The Police Officers' Motion also asserts that all claims against Defendant Officer Dziobek, except the claim of interference with business relations, are time barred under Vermont's three-year statute of limitations applicable to personal injury torts and civil rights claims brought under 42 U.S.C. § 1983. See Morse v. Univ. of Vermont, 973 F.2d 122, 126-27 (2d Cir. 1992) (finding § 1983 claims subject to Vermont's three-year limitations period).

Here, Dziobek stepped down as police chief January 7, 2008 and thereafter served as sergeant only until November 11, 2008, when he left the force. Plaintiffs filed their original complaint in state court on November 18, 2011, a week beyond the end of the applicable three-year limitations period. Although Plaintiffs argue their allegations against Dziobek are timely because the limitations period was tolled under the "discovery rule," because they claim they were unaware of their cause of action until after Dziobek's departure, Defendants correctly counter that the Amended Complaint alleges facts indicating Plaintiffs were on notice of a potential claim before November 28, 2008. See Amended Compl. ¶ 56 (alleging

Dziobek apologized for the slow pace of investigation when Plaintiffs complained to him about inaction in March 2007).

Accordingly, all claims against Dziobek other than interference with business relations are dismissed as time-barred.

Defendants assert the remaining claim for interference with business relations -- presumably based on Plaintiffs' business losses following the publicity of Ray Shatney's arrest and arraignment -- should be dismissed because the Amended Complaint fails to allege Dziobek was personally involved in causing these losses.  Shatney's arrest and February 2009 arraignment occurred long after Dziobek stepped down as police chief in January 2008 and left the department entirely on November 11, 2008, and the Amended Complaint does not allege he played any part in events following his departure.

Accordingly, the interference-with-business relations claim against Officer Dziobek is dismissed for lack of personal involvement.

      3.    <u>All Claims Against Defendants Glodgett and Gero Are Dismissed</u>

Finally, the Police Officers' Motion asserts the Amended Complaint fails to allege Officers Glodgett and Gero were personally involved in either the § 1983 claim or state law torts.  "It is well settled in this Circuit that personal involvement of defendants in

6

alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (internal quotation omitted).  A government official "is only liable for his or her own misconduct."  Iqbal, 556 U.S. 662, 677. With respect to state law claims, a defendant cannot be subject to vicarious liability for torts committed by another unless plaintiff can show an employer-employee or principal-agent relationship with the tortfeasor.  In re Desautels Real Estate, Inc., 142 Vt. 326, 337 (1982) (employer can be vicariously liable "for the acts of an employee, or a principal for the torts and contracts of his agent").

Here, the Amended Complaint mentions Officer Glodgett by name only once, in paragraph nine, and merely states he was employed by the Hardwick Police Department.  It fails to allege any tortious conduct by Glodgett, or any basis for vicarious liability for harm caused by others.

Defendant Officer Gero is also identified in paragraph nine as a Hardwick Police Department employee.  He is mentioned only twice more in the Amended Complaint.  The mention in paragraph 60 alleges Officer Gero was threatened by Leo Shatney (Plaintiff Shatney's brother) on April 13, 2008, but fails to allege Gero himself committed any wrong.  Paragraph 206 states that on October 17, 2011, Gero accompanied Defendant Atwood to Plaintiff Shatney's farm in response to Shatney's complaint that his fences had been broken.  According

to paragraph 206, Gero was merely present when Defendant Atwood suggested Plaintiff Shatney install a camera to see who was driving through his fence.  Paragraph 206's allegations also fail to assert Gero was personally involved in, or vicariously liable for, wrongdoing.  Accordingly, all claims against Defendants Glodgett and Gero are dismissed.

    C.    <u>All Claims Against Officer Blanchard Are Dismissed</u>

Officer Blanchard moves separately under Rule 12(b)(6) to dismiss for failure to state a cause of action against him, and alternatively for a more definite statement under Rule 12(e).  (Doc. 22.)  He also joins his co-defendants' motion to dismiss.

Officer Blanchard argues he is mentioned in only three paragraphs of the Amended Complaint: first, he is described as angrily shouting into the phone to tell Ray to call Blanchard's supervisor and slamming down the phone (¶ 62); second, he is alleged to have been "present and standing at attention" when Plaintiffs met one day with Chief Laporte, at which time Blanchard is merely said to have "clarified relevant facts," (¶ 66); and finally, Blanchard allegedly called Janet to scream at her regarding her claim the HPD lost "no trespass" orders, although he confirmed HPD lost an original order, slamming down the phone (¶ 104).  None of these factual allegations state a claim under any count, and therefore the Amended Complaint does not state a cognizable claim against Officer

Blanchard.  Accordingly, all claims against Officer Blanchard are dismissed.

    D. <u>All Claims Against Greensboro Selectboard Are Dismissed</u>

Defendant current or former members of the Greensboro Selectboard also move to dismiss the claims against them.  (Doc. 24.) The Selectboard Defendants argue the Amended Complaint fails to allege their personal involvement in all the state law claims other than the Vermont Open Meeting Law claim.

Plaintiffs voluntarily dismiss all claims against Defendant Marsha Gadoury because Gadoury joined the Selectboard in March 2010, and therefore she was not involved in any of the events underlying Plaintiffs' complaints.  Regarding the other Selectboard Defendants, Plaintiffs counter that the Amended Complaint sufficiently alleges wrongdoing apart from the Open Meeting Law claim, described in ¶¶ 189-197, because other paragraphs allege a lack of responsiveness to Plaintiffs' calls.  <u>See</u> Pls.' Resp. in Opp. to Mot. to Dismiss at 22 (Doc. 29-1) (listing allegations in other paragraphs).  The Court notes these other paragraphs describe Plaintiffs' contacts and attempts to contact and meet with GSB members, but are devoid of any facts supporting claims of negligence, interference with business relations, or intentional infliction of emotional distress against Selectboard Defendants.  These other state law claims against Selectboard Defendants are dismissed.

9

While GSB Defendants concede paragraphs 189-197 of the Amended Complaint allege their personal involvement in violating the Open Meeting Law, they argue the Open Meeting Law claim should be dismissed because Plaintiffs fail to seek any relief available under that law -- equitable injunctive relief or declaratory judgment -- and appear to seek only money damages.  Even if money damages were available under the Open Meeting Law, GSB Defendants argue this claim fails for lack of specificity, and for failure to plead any injury to Plaintiffs.

Indeed, while title 1, section 314(b) of the Vermont Statutes Annotated provides for injunctive relief or declaratory judgment for violations of the Open Meeting Law, it provides no private remedy for damages.  Vt. Stat. Ann. tit. 1, § 314(b); Rowe v. Brown, 157 Vt. 373, 378 (1991) (finding "no indication" in Open Meeting Law "of legislative intent, explicit or implicit, to create a private tort remedy").  Here, Plaintiffs' Amended Complaint merely states Plaintiffs "were harmed by defendant GSB's conduct," (Doc. 5 at ¶ 242) and appears to seek money damages (id. at pp. 44-45) rather than equitable relief.  Because the Open Meeting law creates no private right of action for damages, this claim is dismissed.

Finally, with respect to the § 1983 claim, Selectboard Defendants argue the Complaint fails to allege Selectboard members were personally involved in any federal constitutional violation.

The alleged violations of Vermont's Open Meeting Law, even if they were sufficient, cannot support liability under § 1983.  See Felder v. Casey, 487 U.S. 131, 139 (1988) (Section 1983 "does not create a remedy for the violation of purely state-created rights").  Because the Amended Complaint fails to allege any federal constitutional violation by the Selectboard Defendants, the § 1983 claim against them is also dismissed.

II.  CONCLUSION

Therefore, the Defendants' Motions to Dismiss (Docs. 20, 22, 24) are granted such that Count III alleging "malfeasance" is dismissed as to all defendants, and all claims against Officers Dziobek, Glodgett, Gero and Blanchard are dismissed.  Plaintiffs voluntarily dismiss all claims against Greensboro Selectboard member Marsha Gadoury.  All claims against the remaining Greensboro Selectboard Defendants are dismissed.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 18th day of July, 2012.

J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge